**William Alexander BEAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46412.**

Court of Criminal Appeals of Texas.

Oct. 31, 1973.

Rehearing Denied Nov. 21, 1973.

Melvyn Carson Bruder, Dallas (Court appointed on appeal only), for appellant.

Henry Wade, Dist. Atty., and Mike McCollum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by assault. The court assessed punishment at fifty years.

The sufficiency of the evidence is not challenged. A summary of the evidence is as follows:

On the night of March 25, 1971, appellant and Walter Guy Pilcher, co-defendant in the case below, entered the taxicab of

Charles William Dean and directed him to drive them to an address in a largely commercial area of west Dallas. After arriving at the destination, the two passengers accosted Dean and, at knife point, relieved him of some $26 and his pistol. Two uniformed Dallas police officers, Schwebel and Thaxton, were patrolling in the vicinity and received a radio dispatch reporting a possible robbery in progress and incorrectly describing the suspects as two colored men. On arriving at the scene, the officers discovered Dean, who gave them a description of two shabbily dressed white men. A third officer also arrived at the scene, who had just talked to two similarly-dressed white men one block away. The two officers then searched for the robbers and located Beam and Pilcher, whose descriptions matched those given by Dean, some two blocks from the scene. After a brief but violent struggle, Beam and Pilcher were arrested and a search of their persons revealed the knife used and the money and pistol taken in the robbery.

Appellant first contends that the trial court erred in admitting into evidence a statement made by appellant after his arrest.

The record reveals that the complained of statement was made immediately after appellant was arrested and placed in the patrol car. Officer Schwebel testified that he asked them what the story was, to which appellant replied, "It was not my idea." It is stipulated that no Miranda warnings were given appellant prior to this conversation. Appellant objected on the grounds that he was under arrest and had not been warned of his constitutional rights. An "out-of-court" hearing was held and the trial court then overruled appellant's objection and the statement was admitted into evidence.

■ The rules governing the admissibility of confessions extend also to statements in the nature of a confession, though lacking all of the essential elements of a confession. 2 McCormick & Ray, Ev-

idence, Section 1201, page 75; Garner v. State, Tex.Cr.App., 464 S.W.2d 111. However, this Court has also held that spontaneous statements which are a part of the res gestae are admissible, notwithstanding the fact that they may not be admissible as confessions or admissions, for the rule of res gestae is independent of, superior to, and cannot be limited by the rules relating to confessions or admissions after arrest. Smith v. State, Tex.Cr.App., 474 S.W.2d 486; Jones v. State, Tex.Cr.App., 458 S.W.2d 654, and cases cited therein. Further, we note that Article 38.22, Section 1(f), Vernon's Ann.C.C.P., provides, in part, that:

"Nothing contained herein shall preclude the admissibility . . . of any statement that is res gestae of the arrest or of the offense."

For evidence to be admitted under the so-called "true res gestae rule",

"There must be an exciting, emotionally stimulating or physically painful event, the admission or assertion must have been made so soon after the occurrence that the declarant is still in the emotional grip of the shocking event, and the assertion must relate to the event before the evidence can be admitted under this exception." Graham v. State, Tex.Cr.App., 486 S.W.2d 92.

■ In the instant case the statement was made within two minutes after the arrest and within fifteen minutes of the robbery itself. While the appellant was fleeing the scene, he was twice interrupted by encounters with police officers who were searching for the robbers. The arrest itself was a violent encounter in which both suspects and one officer were knocked to the ground. There was sufficient evidence for the trial court to conclude that the challenged statement was instinctive and uttered as a result of an impulse, and not as a result of reason and reflection. Hood v. State, Tex.Cr.App., 490 S.W.2d 549; Smith v. State, supra, and cases cited therein.

In Miles v. State, Tex.Cr.App., 488 S. W.2d 790, this Court held that statements made after arrest and in response to an inquiry are admissible provided all the elements that make it a part of the res gestae are present.

Because appellant's statement was instinctive and not in reply to a leading question or one suggestive of an answer, we hold the trial court did not err in admitting the statement. See Walker v. State, Tex.Cr.App., 470 S.W.2d 669; Moore v. State, Tex.Cr.App., 440 S.W.2d 643; Brown v. State, Tex.Cr.App., 477 S. W.2d 617.

On similar grounds, we reject appellant's second contention, that the trial court erred in admitting into evidence over objection as hearsay Officer Schwebel's testimony on direct examination relating to the description of the two robbers given him by Dean at the scene of the robbery.

When Officers Schwebel and Thaxton found Dean, he was lying face down, bound and gagged, and not moving. Dean initially made no response to the officers' presence and kept his eyes shut even when he was rolled over onto his back. Only when the officers identified themselves as the police did Dean open his eyes. Dean testified that he had been placed in fear of his life during the robbery, had been threatened with death if he "squealed" on appellant, and had been struck on the head and dazed. He related that he "played dead" because he thought the robbers had returned, and only began to talk after the officers had identified themselves.

This Court upheld a similar hearsay statement in Ricondo v. State, Tex.Cr.App., 475 S.W.2d 793. There, a prisoner in the Bexar County jail had been severely beaten by fellow prisoners and, when discovered in his cell, refused to respond until he opened his eyes and discovered his questioner was a deputy sheriff. He then made a statement identifying his assailants. We concluded that "under the circumstances presented, the deceased's physical condition, his apparent extreme physical suffering at the time the statement was made after the last beating, the response being made immediately after the deceased realized to whom he was talking, rendered the statement admissible as a res gestae statement, an exception to the hearsay rule." We hold that under the particular circumstances of this case there was sufficient evidence for the trial court to conclude that Dean's statement was the instinctive product of the physically painful and emotionally upsetting event of the robbery, and was sufficiently related to the robbery to render it a spontaneous utterance and admissible.

Third, appellant contends that the trial court erred in overruling his request for a hearing out of the presence of the jury on the admissibility of certain evidence allegedly obtained in violation of his constitutional rights by an illegal search and seizure.

Appellant had sought to suppress evidence of the knife, pistol and money taken from his person at the time of his arrest. His motion for a hearing on its admissibility out of the presence of the jury was overruled. The court received testimony concerning the legality of the arrest and incidental search before the jury, and admitted the evidence over objection.

On appeal, the appellant does not complain of the illegality of the arrest or the search. The sole question presented is whether appellant was denied due process by the introduction of admissible evidence without an out-of-court hearing to initially determine its admissibility.

Appellant admits there is no statutory authority requiring such a hearing on a motion to suppress. Instead, he argues that due process requires such a hearing, relying primarily on Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L. Ed.2d 908 (1964). We find no authority for appellant's claim and, under the circumstances of this case, we find no basis

for extending the rule of Jackson v. Denno, the recognized authority in this jurisdiction governing the admissibility of confessions, to require out-of-court hearings on motions to suppress based on allegations of illegal search and seizure. This is particularly true where, as in this case, the record discloses no valid objection to the admissibility of such evidence. We perceive no error in the trial court's refusal to grant such a hearing out of the presence of the jury. However, where hearsay testimony is required to establish probable cause, such a hearing should be held.

█ Appellant next contends that the trial court erred in making improper comments during the course of the trial by commenting on the evidence introduced. Appellant here states one broad ground of error which impermissibly contains several specific allegations of error by the trial court and cannot be considered under Article 40.09, Section 9, V.A.C.C.P. See Crocker v. State, Tex.Cr.App., 485 S.W.2d 567, 568, and cases cited therein.

Appellant contends that reversible error was committed when the prosecutor stated that he had escaped from prison.

█ Appellant testified in his own defense, and on direct examination admitted two previous final felony convictions. On cross-examination, the assistant district attorney attempted to elicit testimony regarding appellant's escape from the penitentiary while serving out his sentence under the second prior conviction. Appellant objected, but before the court could rule the prosecutor stated, "Your Honor, he escaped from the penitentiary. That's a felony offense." Appellant again objected and moved for mistrial. The trial court overruled both, but later, after both sides had rested, instructed both counsel not to mention the matter in their arguments. Before charging the jury, the court also instructed them to "disregard the testimony elicited by the State as to the Defendant Beam having escaped from prison. That's really not admissible and that is no evidence of guilt in this case so just ignore that for any purpose." The statement should not have been made; however, in view of the court's instruction and the other evidence introduced, we hold that no reversible error is shown. 1 McCormick and Ray, Evidence, Section 29; Smith v. State, Tex.Cr.App., 457 S.W.2d 58; Hopkins v. State, Tex.Cr.App., 480 S.W.2d 212, and cases cited therein.

We find other grounds of error raised in appellant's pro se brief to be without merit.

The judgment is affirmed.