James Ike WASHINGTON,
Petitioner-Appellee,

v.

W. J. ESTELLE, Director, Texas
Department of Corrections,
Respondent-Appellant.

No. 75–1379.

United States Court of Appeals,
Fifth Circuit.

Jan. 19, 1976.

John L. Hill, Atty. Gen., Max P. Flusche, Jr., Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

Paul D. Schoonover, Dallas, Tex. (Court-appointed), for petitioner-appellee.

Before BROWN, Chief Judge, RIVES and GEE, Circuit Judges.

PER CURIAM:

This appeal is from a judgment of the federal district court granting the writ of habeas corpus to a Texas state prisoner, unless the State proceeds to retry the prisoner within 120 days. The appellee, James Ike Washington, is in custody under a sentence to life imprisonment for the murder with malice aforethought of his wife, Jo Ann Washington. The judgment and sentence were affirmed in *Washington v. State,* Tex.Cr.App.1972, 484 S.W.2d 721, *certiorari denied* 1973, 411 U.S. 921, 93 S.Ct. 1555, 36 L.Ed.2d 314.

Approximately one-half hour after the homicide, Officer Paul Wimer found Washington lying on the ground near his home, tapped him with a shotgun and ordered him not to move except to get on his feet with his hands up. While holding Washington at shotgun point, Officer Wimer engaged him in the following conversation (as quoted by the Texas Court of Criminal Appeals):

" 'Q. What did you say to him?

" 'A. I asked him where the pistol was.

" 'Q. And what, if anything, did he say right back to you?

" 'A. Said—he said, "I threw it away." '

\*   \*   \*   \*   \*   \*

" 'Q. What did you say?

**1214**

"'A. I asked him why he killed her. Said, "Why did you kill her?"

"'Q. What did he say right back?

"'A. "I don't know."'" (484 S.W.2d at 723.)

On Washington's trial for murder, the State offered that conversation in evidence on its case in chief. Defense counsel objected, and showed on voir dire examination of the witness Wimer that Washington was not given the warnings required by *Miranda v. Arizona,* 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, or any other type of warning. The State then claimed that the statements were admissible as res gestae of the crime and the arrest under Texas Code of Criminal Procedure Ann., Art. 38.22, a claim now conceded to be refuted by *Smith v. State,* Tex.Cr.App.1974, 507 S.W.2d 779, 781. See also *Brown v. Beto,* S.D.Tex.1971, 338 F.Supp. 1358, *aff'd,* 5 Cir. 1972, 468 F.2d 1284.

On appeal, the Texas Court of Criminal Appeals did not pass on the res gestae contention but affirmed on a holding that Washington testified to substantially the same facts contained in his answers to the officer. The State now concedes also that the principle relied on by the Texas Court of Criminal Appeals does not apply, because Washington's direct testimony was not "substantially the same" as his statements to the arresting officer. (Appellant's Brief, p. 8.) The State's contention on the present appeal is that under the rationale of *Harris v. New York,* 1971, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1, the statement, "I don't know," was admissible to impeach Washington's testimony on trial to the effect that the shooting was an accident. Making arguendo the very considerable assumption that the State can overcome the hurdles that Washington's answers were not introduced for purposes of impeachment but on the State's case in chief, and that impeachment is strictly an afterthought, two other hurdles remain which the State has not surmounted: (1) The statements were not used solely for impeachment, but they also tended to establish key elements of the

crime charged, *i. e.,* intent to kill and malice aforethought; and (2) there was no cautionary instruction, as in *Harris,* "that the statements * * * could be considered only in passing on petitioner's credibility and not as evidence of guilt." 401 U.S. at 223, 91 S.Ct. at 644. We conclude that the district court properly held that the admission in evidence of Washington's statements made without benefit of the *Miranda* warnings was prejudicial error. The judgment of the district court is therefore

Affirmed.