**Walter Guy PILCHER,**
**Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas**
**Department of Corrections,**
**Respondent-Appellee.**

**No. 75–3241**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 15, 1976.

Walter Guy Pilcher, pro se.

John L. Hill, Atty. Gen., Ben M. Harrison, Asst. Atty. Gen., Austin, Tex., William G. Rosch, III, Asst. Atty. Gen., Houston, Tex., for defendant-appellee.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal from the District Court's denial of habeas corpus relief from petitioner's conviction in Texas state court for armed robbery. Several

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

points of error[1] are asserted in petitioner's *pro se* brief but only one merits comment. That is, whether the statement of a fellow participant in the criminal enterprise which was made after arrest but prior to the recital of the *Miranda* warnings was admissible into evidence. We hold that the admission of this statement was proper but for different reasons than those adhered to by the trial court and thus some explanation of our position is appropriate.

The petitioner, Walter Guy Pilcher, and a co-defendant, William Alexander Beam, hijacked a taxicab and ordered the driver, Charles Dean, to drive to a deserted wrecking yard located in Dallas, Texas. Upon arriving at this destination Pilcher held a knife to Dean's throat while Beam took a pistol and approximately $26.00 in cash from Dean. After the robbery the cab driver was bound and gagged and the defendants fled the scene. Shortly thereafter, two Dallas police officers, Schwebel and Thaxton, arrived at the wrecking yard after being alerted by a radio call that a robbery was in progress. After obtaining a description of the attackers the officers gave chase and caught up with the defendants a short distance from the wrecking yard. The defendants were then placed under arrest, searched, and placed in a squad car. Before either officer had a chance to ask either defendant any questions Beam stated "it was not my idea".[2] The petitioner in this habeas corpus proceeding asserts that this statement was inculpatory to both Beam and himself and should not have been admitted into evidence because at the time it was made neither of the defendants had been given their *Miranda* rights.

The limitations on admissibility of oral or written confessions under Art. 38.22 of the Texas Code of Criminal Procedure, Tex.Rev.Civ.Stat.Ann. Art. 38.22 (1975 Supp.) seems stricter than those required by the case law interpreting *Miranda* in that a voluntary statement made while in custody is inadmissible unless made in court. In contrast, federal courts would seem to allow the admission of a voluntary statement made any time during custody, so long as it is not made in response to a question asked before *Miranda* warnings are administered. However, in this setting, Art. 38.-22 would not bar admission of this statement, for § 1(f) provides in part: "Nothing contained herein shall preclude the admissibility * * * of any statement that is the *res gestae* of the arrest or of the offense." Previous Texas cases, including the Court of Criminal Appeals review of the conviction of both these defendants, have held that this *res ges-*

---

1. The points of error asserted by the petitioner on this appeal are as follows:

    1. Whether the warrantless arrest was made without probable cause

    2. Erroneous admission into evidence of statements of appellant's co-defendant made without prior *Miranda* warnings

    3. Whether in-court identification by the victim was tainted by one-on-one exhibition of appellant and co-defendant to victim, a few minutes after the robbery

    4. Whether there was a Sixth Amendment right to counsel at the "examining trial" before the magistrate

    5. Alleged denial of testimony of a "key witness"

    6. Whether appellant was prejudiced by remarks of the trial court in ruling on an objection

    7. Prosecutor's cross-examining co-defendant concerning co-defendant's escape from prison

    8. Comments of judge and prosecutor concerning appellant's failure to testify (shown by record to have occurred out of jury's presence)

    9. Whether appellant is entitled to relief on the "totality of circumstances", including allegedly vague and ambiguous direct-appeal opinion

    10. Exhaustion *vel non* of state remedies

    11. Whether further exhaustion is necessary

2. According to the testimony of Officer Schwebel this statement by Beam was made voluntarily and neither officer had sought to elicit any information concerning the offense from either of the defendants at the time it was made. *See* state court record at 162–64.

*tae* rule superceded any constitutional objections to admissibility based on the Fifth Amendment rights set out by the Supreme Court in *Miranda. See, e. g., Pilcher v. State,* Tex.Crim.App., 1974, 503 S.W.2d 547; *Beam v. State,* Tex. Crim.App., 1973, 500 S.W.2d 802. This startling concept which subordinated constitutional rights to those enunciated by a state statutory enactment was overruled by the Texas Court of Criminal Appeals in *Smith v. State,* Tex.Crim. App., 1974, 507 S.W.2d 779, 781 and more recently rejected by our Court in *Washington v. Estelle,* 5 Cir., 1976, 525 F.2d 1213.

With this background in mind we proceed to consider the petitioner's constitutional objections to the admission of the statements made by his partner in crime at the time of their arrest. We have no difficulty in rejecting the petitioner's argument that his Fifth Amendment rights were violated because no *Miranda* warnings were administered to his cohort before he made the incriminating statement which helped convict the petitioner. This argument falls short because the state trial record indicates that neither officer asked any questions prior to the time that this statement was made. *See* R. at 162–64. *Miranda* only requires that a recital of the warnings be given before custodial questioning and does not reach a situation such as this where the statement is made voluntarily and not in response to any question by a police officer.[3]

Affirmed.

---

**3.** The Court in *Miranda v. Arizona,* 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, did not proscribe the admission of voluntary statements made while the suspect was in custody but only required that the *Miranda* warnings be given before custodial *interrogation* began. The Court stated its holding on this issue as follows:

By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of ac-

tion in any significant way. [The Court further stated that] *"prior to any question,* the person must be [given his *Miranda* warnings]." *Id.* 384 U.S. at 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694, 706 (emphasis supplied and footnotes omitted).

*See Also United States v. Cruz,* W.D.Tex., 1967, 265 F.Supp. 15, 20; *People v. Matthews,* 1968, 264 Cal.App.2d 557, 70 Cal.Rptr. 756; *People v. Paton,* 1967, 255 Cal.App.2d 347, 62 Cal.Rptr. 865; *Maxey v. State,* 1969, 251 Ind. 645, 244 N.E.2d 650.