William Alexander BEAM,
Petitioner-Appellee,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellant.

No. 76–2855.

United States Court of Appeals,
Fifth Circuit.

Sept. 1, 1977.

Rehearing and Rehearing En Banc
Denied Oct. 6, 1977.

John L. Hill, Atty. Gen., Robert E. De-Long, Jr., Asst. Atty. Gen., David M. Kendall, First Asst. Atty. Gen., Joe B. Dibrell,

Jr., Asst. Atty. Gen., Austin, Tex., for re-spondent-appellant.

H. Kelly Ireland, Tyler, Tex. (Court-appointed), for petitioner-appellee.

Before THORNBERRY, AINSWORTH and RONEY, Circuit Judges.

PER CURIAM:

The state, as appellant, seeks reversal of the district court's grant of petitioner's *habeas corpus* petition. We agree with the state that petitioner suffered no constitutional deprivation at his trial, and therefore we reverse the district court.[1]

At petitioner's trial for armed robbery, the state introduced evidence that petitioner stated to the arresting officer, "It wasn't my idea." Petitioner claims that the statement was elicited by a question asked by the officer, prior to giving *Miranda* warnings. The state claims that the petitioner's statement was made prior to any question asked by the officer. Unfortunately, the officer's testimony at trial is ambiguous and inconclusive.[2] The Texas Court of Criminal Appeals, in the state appellate proceedings in this case, found that the statement was made in response to the officer's question, but was admissible as *res gestae*. *Beam v. State*, 500 S.W.2d 802, 804 (Tex.Cr.App. 1973). That court affirmed the conviction.

The federal district court in the federal *habeas corpus* action followed the Court of Criminal Appeals' determination that the statement was made in response to a question, but held the admission of the statement to be error as a violation of *Miranda*, since state evidence law (the *res gestae* argument) does not override federal constitutional law. The court then held the admission of the statement not to be harmless error, and granted the petition.

1. The federal *habeas* petition as originally filed contained a claim that was not included in the state *habeas* petition and thus was not exhausted. This claim asserts denial of a constitutional right to self-representation on appeal. At the hearing on the federal *habeas* petition, however, the petitioner took the stand and waived the claim. The court questioned him closely before accepting the waiver. *See* R. Vol. III at 23–26. Subsequently, however, petitioner apparently sent a letter to Judge Rives of this Court, in which he objected to what he considered to be counsel's improper waiver of the *pro se* appeal claim. In his brief and in oral argument before this Court, however, petitioner's counsel stated his belief that petitioner knowingly and intelligently waived the unexhausted claim.

The petitioner's waiver of the unexhausted constitutional claim at the evidentiary hearing on his *habeas* petition is valid and binding. Therefore, the exhaustion problems of that claim evaporate. It is as though the federal *habeas* petition never raised the claim.

2. The officer testified, in relevant part:

Q. Okay, at that time did the Defendant, William Alexander Beam, say anything to you?
A. Yes, sir, he did.
Q. What did he say?
A. He said, "It was not my idea."
Q. Did he say anything else?
A. No, sir, that's all he would say.

. . . . . .

Q. Officer Schwebel, you say this was about a minute and a half after you first arrested these Defendants?
A. Yes, sir, I would say, approximately.
Q. Where were they when this conversation took place?
A. Seated in the squad car.
Q. They were both inside your car?
A. Yes, sir, they were.
Q. And did you ask them any questions at all?
A. Well, I only asked him if they wanted to tell me what the story was. Mr. Beam, he stated that he wasn't involved either, that's all he would keep saying and I said, "Well, who's idea was it," and he never would say, so—
Q. So what Mr. Beam said, then, was in response to a question you asked him about what the story was, wasn't it?
A. I don't believe I asked him anything, he sat in the car and I proceeded to place Mr. Pilcher back and then I went and sat down under the steering wheel of the car and then the man stated to me, "It was not my idea," before any questioning had been done on my part.
Q. I believe you told us just a little while ago that you had asked him some questions about if they wanted to tell you what happened and he said, "It wasn't my idea;" now, which time do you think was correct?
A. Well, the man made a statement to me before I had asked him any questions.
R. at 300–02. (State Court Transcript at 162–64).

But in *Pilcher v. Estelle*, 528 F.2d 623 (5 Cir. 1976), the Fifth Circuit, reviewing the same state court transcript as involved in this case,[3] held that the statement in question was volunteered, and was made prior to any police questioning. 528 F.2d at 624. While the district court's finding in this case that the statement followed a police question could not be termed clearly erroneous, the district court is bound to follow the Fifth Circuit's view of the law and the evidence. Our panel, also, must follow the decisions of earlier panels. The Fifth Circuit views this evidence as a volunteered statement. As such, it does not violate *Miranda*.

Accordingly, the judgment of the district court is REVERSED.

---

**3.** *Pilcher* was the *habeas* claim of petitioner Beam's co-defendant in the state court trial. The record in both of these cases is identical.