William VAN POYCK,
Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation,
Respondent-Appellee.

No. 78–3392
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 24, 1979.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc.* v. *Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

William Van Poyck, pro se.

Robert H. Shevin, Atty. Gen. of Fla., Paul Mendelson, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

Van Poyck, a Florida prisoner, appeals pro se from denial of his petition for habeas corpus pursuant to 28 U.S.C. § 2254. He urges various claims, one of which we find possesses sufficient substance to require a remand. We state the pertinent facts and consider the issues serially.

In 1971, Van Poyck was charged in five informations with having committed twelve felonies during a one-month period. After a jury trial in state court, he was sentenced to life imprisonment for robbery. He does not attack that conviction. During the sen-

tencing phase of that case, there was some suggestion that appellant had psychological problems, since he was then a 17-year-old student from a good family background. Defense counsel assured the court, however, that he was not suggesting appellant was insane. The court refused to delay sentencing pending a psychiatric evaluation.

Two months later, before the same judge, appellant changed his pleas in the four remaining cases to "not guilty by reason of insanity." Defense counsel announced that he was doing this because the prosecution refused to enter into plea negotiations. Counsel also advised the court that Van Poyck had been examined by a psychiatrist but did not present the results of this examination to the court. The court refused to order a further psychiatric examination in conjunction with Van Poyck's insanity plea. After extensive negotiations, Van Poyck eventually pleaded guilty to the remaining counts, and a brief guilty plea hearing was held. It is these four guilty pleas that Van Poyck now asks us to set aside.

Van Poyck did not file a direct appeal, but in 1976 he filed a motion to vacate under Fla.R.Crim.P. 3.850. That motion was denied and affirmed on appeal. *Van Poyck v. State,* 347 So.2d 665 (Fla.App. 1977). In 1974 and 1975, Van Poyck alleges that he was found incompetent to stand trial in another case and committed to the Florida State Hospital. His petition for writ of habeas corpus under section 2254 was denied by the district court.

■ Van Poyck first argues that the state trial judge should have held a *Pate* hearing on the issue of his competence to stand trial. *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). In *Drope v. Missouri,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), the Supreme Court outlined three relevant factors used in determining whether a *Pate* violation has occurred: any history of irrational behavior, the defendant's demeanor at trial, and prior medical opinion. *Id.* at 180, 95 S.Ct. 896. If these factors should have created a bona fide doubt as to the defendant's competency, *Pate* requires that a nunc pro tunc

competency hearing be held. *Zapata v. Estelle,* 588 F.2d 1017, 1020 (5th Cir. 1979).

■ The district court was correct in concluding that the evidence before the state court did not raise a bona fide doubt of appellant's competency. Although Van Poyck alleges that he attempted to hang himself and set fire to his mattress while in jail, there is nothing in the record indicating that the trial court knew of these incidents. Van Poyck did not exhibit any history of irrational behavior "[e]xcept to the extent that the commission of crimes may be deemed irrational . . . ." *Fitch v. Estelle,* 587 F.2d 773, 777 (5th Cir. 1979). Van Poyck spoke coherently and rationally at his guilty plea hearing. Just two months before reviewing the pleas, the same judge had presided over a trial in which Van Poyck was the accused. At the sentencing hearing in that case, Van Poyck's counsel disavowed any claim that appellant was insane. And finally, although counsel alluded to psychiatric evaluations Van Poyck had undergone, he never advised the court that the tests showed that appellant was incompetent to stand trial. Counsel requested further testing with regard to the plea of insanity; he did not suggest that a *Pate* hearing was necessary. Thus, Van Poyck has not shown that the factors set out in *Drope* were present at the time he pled guilty. His commitment to a state mental hospital some two years after the plea does not affect this conclusion.

■ Van Poyck next claims that he was in fact incompetent to plead guilty. The procedural due process issue of whether a *Pate* hearing should have been held is distinct from whether a defendant was in fact competent to stand trial. *Zapata v. Estelle, supra* at 1021; *Nathaniel v. Estelle,* 493 F.2d 794, 797 (5th Cir. 1974). The district court ruled that the substantive incompetency issue was not clearly raised in Van Poyck's petition or exhausted in the state court. Van Poyck was proceeding pro se in his state collateral attack, however, and a liberal reading of his Rule 3.850 petition and appeal show that he did raise the substantive incompetency issue, albeit inartful-

ly. He did not list it as an issue but did raise it in his argument. Furthermore, Van Poyck has presented the issue, again inartfully, in his section 2254 petition. He has consistently complained that his guilty plea was involuntary, in part because he was not warned of the rights he was waiving (a meritless issue, as discussed below) but also because he was incompetent to waive his rights, whatever they were.

It therefore appears that Van Poyck has exhausted this claim in state court and has now alleged sufficient facts in federal court to raise a real, legitimate, and substantial issue as to his mental capacity at the time he pled. *Zapata v. Estelle, supra* at 1021–22; *Nathaniel v. Estelle, supra* at 798. Van Poyck will therefore be entitled, at some point, to an evidentiary hearing on his competence to plead guilty, even though the evidence before the trial court at the time of his plea did not then raise sufficient doubt to require a *Pate* hearing. *See Zapata v. Estelle, supra* at 1021–22. Of this, more later.

■ Van Poyck next contends that the record does not reflect that he understood the charges against him and the possible consequences of his guilty plea. This claim is closely related to, but distinct from, the issue of his competence to stand trial. In his brief to this court, Van Poyck argues that his plea was involuntary because he was not competent to waive his rights. In the district court and state courts, however, he did not present the issue in this light. Essentially, he argued that the state failed to hold a competency hearing and failed to advise him thoroughly enough of all the rights a guilty plea waived.

Van Poyck relies on *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and argues that he was not informed of the constitutional rights he would be forfeiting by pleading guilty. We have repeatedly held, however, that *Boykin* does not mandate any strict rule of criminal procedure and that a failure to advise a defendant of the right to trial by jury, right of confrontation, and right against self-incrimination does not in itself render the

plea involuntary. *E. g., Davis v. Wainwright*, 547 F.2d 261, 275 (5th Cir. 1977); *McChesney v. Henderson*, 482 F.2d 1101, 1110 (5th Cir. 1973). The district court was correct in finding that the record did not support Van Poyck's argument that his guilty plea hearing was constitutionally deficient. We therefore deny his involuntariness claim insofar only as it relates to the alleged *Boykin* claim and not as it relates to his competency to plead.

Van Poyck next asserts error in the state court's failure to ascertain a factual basis for his guilty pleas. This omission violates Fla.R.Crim.P. 3.170(j); however, a state court's failure to follow its own procedural rules does not of itself raise a federal constitutional question cognizable in habeas corpus. *Bell v. Estelle*, 525 F.2d 656, 657 (5th Cir. 1970). As the district court noted, this circuit has never addressed the question whether there is a constitutional requirement that a state court establish a factual basis for a guilty plea before accepting the plea, but both the Fourth and Tenth Circuits have held that there is not. *Edwards v. Garrison*, 529 F.2d 1374, 1376 (4th Cir. 1975), *cert. denied*, 424 U.S. 950, 96 S.Ct. 1421, 47 L.Ed.2d 355 (1976); *Freeman v. Page*, 443 F.2d 493, 497 (10th Cir. 1971). We do not pass on this matter, however; a review of Van Poyck's state petition brief on appeal shows that this issue was not presented to the state court and thus is not exhausted. Despite the presence of this unexhausted claim, we have considered those exhausted ones on which our district court reached the merits. *Galtieri v. Wainwright*, 582 F.2d 348 (5th Cir. 1978) (en banc), however, does not permit us to consider the *unexhausted* claim in the absence of some established exception to the exhaustion doctrine. We perceive none here.

Finally, Van Poyck alleges that the district court erred in failing to hold an evidentiary hearing. Aside from the incompetence issue discussed above, he alleged no new facts nor showed that any of the conditions outlined in 28 U.S.C. § 2254(d) existed that would entitle him to a hearing. In essence, Van Poyck's other allegations raised only legal questions, and a hearing to receive new evidence regarding them was not necessary.

It thus appears that the petition, because of our conclusion that the "factual basis" claim is unexhausted, is in fact a mixed one: it contains an exhausted claim that requires an evidentiary hearing and an unexhausted one, as well as others which we and the district court have reached and denied on their merits so that they pass from contention. We cannot, consistent with our court's en banc decision in *Galtieri*, direct the court below to address the merits of an exhausted claim in a mixed petition. On remand, the district court should consider whether the state has waived exhaustion as to the "factual basis" claim, should petitioner so contend. If so, the court may dispose of both claims. If not, and if petitioner persists in presenting a mixed petition, it must be dismissed, without prejudice so that appellant may present his claims to the state court.

AFFIRMED in part, REVERSED and REMANDED in part.