Jimmie Lee JONES, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, State of Florida, Respondent-Appellee.

No. 79–1656.

United States Court of Appeals, Fifth Circuit.

Dec. 12, 1979.

---

**4.** *See* the Congressional Findings and Statement of Purposes in Pub.L. 93–579, § 2, 88 Stat. 1896 (1974).

Morris W. Milton, St. Petersburg, Fla., for petitioner-appellant.

Michael Kotler, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before AINSWORTH, VANCE and ANDERSON, Circuit Judges.

AINSWORTH, Circuit Judge:

This case presents the question of whether a petition for habeas corpus must be dismissed for failure to exhaust state remedies when the petitioner does not urge unexhausted grounds for relief but the state claims that such grounds may be asserted in the future. The district court concurred in the magistrate's determination that since petitioner might, sometime in the future, assert unexhausted claims not included in the instant petition, the petition should be dismissed until petitioner exhausted state remedies as to those claims. Because petitioner in this case is expressly not asserting any unexhausted claims, we reverse and remand.

Petitioner Jimmie Lee Jones was convicted of first degree murder and rape in a Florida state court. The trial court, disregarding the jury's advisory sentence of life imprisonment, sentenced petitioner to death. The Florida Supreme Court affirmed petitioner's conviction for murder, but reduced the sentence to life imprisonment. *Jones v. State*, 332 So.2d 615 (Fla. 1976). Jones appealed his rape conviction to the Florida Second District Court of Appeal, where that conviction was affirmed per curiam. *Jones v. State*, 341 So.2d 299 (Fla. 2d DCA 1976). Petitioner attempted to have his reduced sentence of life impris-

onment reviewed by the Florida District Court of Appeal, but his appeal was dismissed on motion of the state. *Jones v. State*, 341 So.2d 299 (Fla. 2d DCA 1976).

Jimmie Lee Jones filed this pro se petition for a writ of habeas corpus and request to proceed in forma pauperis in the United States District Court, Middle District of Florida, asserting numerous grounds for relief.[1] Counsel was appointed to assist petitioner in pursuing his application, but later was permitted to withdraw. Substitute counsel was thereafter appointed. Counsel for petitioner then amended the pro se petition to clarify the issues raised therein, and to include an additional ground.

The amended petition contains two allegations that form the basis of the state's exhaustion contention. The first of these is found in petitioner's second numbered paragraph of his amended petition, which alleges in part that "[t]he defendant/petitioner was never given an opportunity to view any evidence, which could have exonerated him." The second is contained in paragraph 4(a), which asserts that the "[p]roceeding in the state court in which the petitioner was found competent to stand trial, was constitutionally inadequate."

The State of Florida characterizes the somewhat ambiguous allegation contained in paragraph two as an ineffective assistance of counsel claim. However, counsel for petitioner has repeatedly stated that, in his opinion, the record in this case does not raise an ineffective assistance issue and that petitioner is not asserting such a claim. Counsel for petitioner describes the claim in amended paragraph two in the following manner: "Evidence which tended to exonerate the defendant/petitioner was not produced by the prosecutor." The claim contained in paragraph four—that petitioner was incompetent to stand trial—was ex-

---

1. Petitioner's pro se petition alleged that he was convicted by use of evidence gained pursuant to an unconstitutional search and seizure, that he was convicted by use of evidence obtained pursuant to an unlawful arrest, that he "was never given an opportunity to view any evidence which could have won him an acquittal," and that he had no chance for a fair trial before an all-white jury.

pressly abandoned by counsel in the pre-evidentiary hearing.[2]

It is undisputed that if petitioner were asserting ineffective assistance of counsel and incompetency to stand trial claims, his petition would have to be dismissed for failure to exhaust state remedies, since these claims have never been presented before a Florida state court. 28 U.S.C. § 2254(b); *Galtieri v. Wainwright*, 5 Cir., 1978, 582 F.2d 348. It seems equally clear, however, that petitioner is not asserting these claims in this petition.

The stipulation prepared by counsel for petitioner and respondent following the pre-evidentiary hearing before the magistrate contains petitioner's contentions in this litigation:

A. Ground One: Petitioner's conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

B. Ground Two: Petitioner's conviction was obtained by use of evidence gained pursuant to an unlawful arrest.

C. Ground Three: Petitioner's trial violated principles of due process and equal protection in that petitioner is black and the petit jury was all white.

D. Ground Four: Petitioner was denied due process and equal protection in that petitioner was legally insane at the time the alleged offenses were committed and the evidence was insufficient to prove guilt against said claim.

E. Ground Five: Petitioner's failure to pursue an incompetency to stand trial claim and an ineffective assistance of counsel claim, at this time, does not preclude the litigation of these issues in a subsequent 28 U.S.C. § 2254 habeas proceeding.

The pre-evidentiary hearing stipulation also lists the following as "abandoned issues":

A. Petitioner abandons his issue relative to his competency to stand trial.

B. Petitioner abandons his claim which suggests that no evidence was ever presented in his favor at trial.[3]

The pre-evidentiary hearing stipulation sets forth four grounds for relief. The issue of competency to stand trial and that of no evidence being presented in petitioner's favor at trial are clearly "abandoned." Unfortunately, however, the stipulation also contains as "Ground Five" the paragraph which led the district court to dismiss this petition for failure to exhaust state remedies.

The district court, concurring with the magistrate's report in this case, concluded that "Ground Five" indicated petitioner intended to assert claims of incompetency to stand trial and ineffective assistance of counsel at a later date. Since those claims were not exhausted at the state court level, the court reasoned, the petition should be dismissed. *See Galtieri v. Wainwright, supra.*

However, as we view the matter, the paragraph labeled "Ground Five" does not amount to a declaration that petitioner contends his trial was marred by ineffective assistance of counsel and his own incompetency; only that petitioner does not wish to unconditionally waive those claims in order to bring his present complaints before the court.

Throughout the proceedings below, the State of Florida has argued that petitioner must either exhaust his state remedies as to ineffective assistance of counsel and incompetency to stand trial, or explicitly waive those claims. *See Johnson v. Zerbst*, 304

---

**2.** During the pre-evidentiary hearing, the following colloquy took place:

THE COURT: Then I understand there is no claim he is incompetent?

MR. MILTON: No.

THE COURT: To stand trial?

MR. MILTON: We are abandoning that argument as to standing trial, incompetent to stand trial.

**3.** The claim that no evidence was ever presented in petitioner's favor at trial is the claim the state characterizes as an ineffective assistance of counsel claim.

Tr. at 8.

U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Petitioner responds that he should not be required to waive claims he did not intend to assert in the first place.

The petition, taken as a whole, raises four grounds for issuance of a writ of habeas corpus. "Ground Five" does not form the basis for habeas corpus relief, nor can it properly be construed as an intention by petitioner that he will bring such claims in a subsequent habeas petition. Counsel's firm assurances in his brief and during oral argument that there are no issues of ineffective assistance of counsel or incompetency of defendant at the time of trial are decisive in this case. These issues are not raised in the petition, and to the best of counsel's knowledge, they will not be raised in the future. Since all asserted claims in this petition have been exhausted in state court, this petition should not have been dismissed.

REVERSED AND REMANDED.