21149

The STATE, Appellant, v. Ronald F. SMART, Respondent.

(262 S. E. (2d) 911)

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Brian P. Gibbes,* Columbia, and *Sol. Donald V. Myers,* Lexington, *for appellant.*

*H. Patterson McWhirter* and *William P. Walker, Jr.,* Lexington, *for respondent.*

February 13, 1980.

LEWIS, Chief Justice:

The defendant is charged with murder and the State seeks the death penalty. In anticipation of trial, the defendant moved for an order (1) prohibiting the State from *voir dire* examination of jurors and (2) requiring the State to open its file to defendant for unlimited discovery. Both motions were granted and the State has appealed.

The lower court, in prohibiting the State from *voir dire* examination of jurors, reasoned that the absence of any

reference in Section 16-3-20(D), 1976 Code of Laws, as amended, to a right of the State to examine jurors in death cases impliedly repealed the discretionary authority of a trial judge to permit *voir dire* examination of jurors in such cases by the State. He, therefore, ruled that the State was prohibited, *as a matter of law,* from conducting a *voir dire* examination of jurors in a death case. In so ruling, he erred.

Section 16-3-20(D), as amended, provides:

Notwithstanding the provisions of Section 14-7-1020, in cases involving capital punishment any person called as a juror shall be examined by the attorney for the defense.

Section 14-7-1020, referred to in Section 16-3-20(D), states in pertinent part, that the court shall on motion of either party in the suit examine any person called as a juror to determine his or her indifference in the cause. This court has held that, under this section, whether or not counsel is permitted to conduct the *voir dire* examination of the juror or such examination is conducted by the court is within the discretion of the trial judge. *State v. Britt,* 237 S. C. 293, 117 S. E. (2d) 379.

The evident purpose of Section 16-3-20(D) is to secure to counsel for the defense in death cases the right to also question jurors during their *voir dire* examination. This is the sole limitation upon the discretion of the court in *voir dire* examinations authorized under Code Section 14-7-1020. That section is not repealed and the reference to it in Section 16-3-20(D) impliedly recognizes that, in all other respects, the discretion of the court in the conduct of *voir dire* examinations continues to exist; and we so hold.

Therefore, the lower court was in error in holding *as a matter of law* that the State had no right to conduct a *voir dire* examination of jurors in a case where the death penalty is sought.

The State has additionally challenged the trial judge's ruling which required the Solicitor to turn over his entire investigatory file to the defense for discovery purposes.

After the defendant's arrest, but prior to a thorough investigation of the crime scene by the authorities, defense counsel was appointed. The crime scene was under the control of the investigating officers and defense counsel moved for an order permitting him to view the scene during the police investigation or, in the alternative, that the authorities be restrained from a clean-up of the crime scene prior to an investigation thereof by experts for the defense. The solicitor resisted these motions and they were denied. Based on the foregoing, defense counsel moved, before trial, for unlimited disclosure of the State's file, which the lower court granted. The trial judge's order was overbroad.

There is no right to discovery in a criminal case. *State v. Flood*, 257 S. C. 141, 184 S. E. (2d) 549. However, in view of the fact that the defense had previously sought to view the crime scene and, but for the action of the State, such an opportunity would have been available, the defense was entitled to disclosure of the fruits of the investigation of the crime scene by the State. There is nothing to justify the departure otherwise from the principle that there is no right to discovery in a criminal case.

We therefore hold that, under the facts of this case, the trial judge was correct in ordering disclosure of the results of the crime scene investigation. As to disclosure of the remainder of the solicitor's file, we hold that the trial judge was in error and reverse that portion of the order.

The judgment under appeal is accordingly reversed in part and affirmed in part; and remanded for trial.

NESS and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.

LITTLEJOHN, J., not participating.