**John Wayne EARL**

v.

**W. J. ESTELLE, Director, TDC.**

**Civ. A. No. 3–78–0601–G.**

United States District Court,
N. D. Texas,
Dallas Division.

April 9, 1980.

John Wayne Earl, pro se.

Gilbert Pena, Asst. Atty. Gen., Chief, Enforcement Division, Austin, Tex., for defendant.

## MEMORANDUM ORDER

PATRICK E. HIGGINBOTHAM, District Judge.

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is serving a life sentence for aggravated robbery, enhanced by prior felony convictions. He alleges seven grounds for relief:

1. An earlier indictment against petitioner for the same offense was not dismissed until after petitioner's conviction under the later indictment, causing him to be uncertain as to what type of defense to present. Petitioner's court–appointed attorney rendered ineffective assistance through failure to object to the simultaneous pendency of the two indictments.

2. Petitioner's indictment did not allege "with certainty" the possessor of the property which he took.

3. The possessor of the property was alleged only by inference.

4. There is a discrepancy between testimony given before the grand jury and testimony given at petitioner's trial.

5. The indictment does not conform to that suggested in Morrison & Blackwell, *New Texas Penal Code Forms* § 29.03B.

6. The indictment is unconstitutional through its failure to allege ownership of the property.

7. The court's charge to the jury authorized them to convict petitioner of a nonexistent offense.[1] Respondent has moved

---

1. The seventh ground for relief was not contained in the original petition. On April 18, 1979, the magistrate ordered petitioner to clarify his ground # 6, which did not specify with clarity whether petitioner challenged the constitutionality of his indictment or the facial constitutionality of the Texas aggravated rob-

bery statute. In his response filed April 27, 1979, petitioner, in addition to clarifying his sixth ground of error, raised the seventh ground for the first time. By order of July 12, 1979, the magistrate allowed the response to be treated as a supplement to the petition.

to dismiss, on the ground that petitioner has failed to exhaust his state remedies as to ground # 7. In response to this motion, and to the findings, conclusions, and recommendation of the United States Magistrate recommending that the motion be granted, petitioner has moved to dismiss his last ground of error. The motion is not so styled, but seeks for partial voluntary dismissal. *See* Fed.R.Civ.P. 41(a)(2). The state opposes the motion on the ground that it is an attempt to circumvent this circuit's policy requiring dismissal of so–called "mixed" petitions.

The proper treatment of a habeas corpus petition containing both exhausted and unexhausted grounds for relief was set forth in *Galtieri v. Wainwright*, 582 F.2d 348 (5th Cir. 1978) (*en banc*). The court of appeals held that a Federal district court must dismiss a habeas corpus petition without prejudice if it appears that any of its grounds for relief have not been presented to the state courts. *Id.* at 355–60. *See, e. g., Turner v. Wainwright*, 550 F.2d 1012, 1013 (5th Cir. 1977); *Gonzales v. Stone*, 546 F.2d 807 (9th Cir. 1976); *Lamberti v. Wainwright*, 513 F.2d 277 (5th Cir. 1975); *Brinks v. Georgia*, 512 F.2d 673 (5th Cir. 1975); *West v. Louisiana*, 478 F.2d 1026, 1034 (5th Cir. 1973), *aff'd*, 510 F.2d 363 (5th Cir. 1975) (*en banc*); *Hargrett v. Wainwright*, 474 F.2d 987, 988 (5th Cir. 1973).

The *Galtieri* court based its decision on a strong federal and state policy against piecemeal assertion of habeas corpus claims. It reasoned that Rule 9(b) of the Rules Governing Section 2254 Cases in the District Courts, authorizing dismissal of successive petitions as an abuse of the writ, and Rule 9(a), establishing a laches defense, are intended to encourage combination of claims in federal habeas corpus petitions. Applying the sanction of dismissal to mixed petitions, while perhaps not fostering judicial economy in the dismissed cases themselves, was viewed as a necessary and effective deterrent to the filing of such petitions, thereby promoting judicial economy in the

long run. The court thought it unlikely that petitioners would circumvent this scheme by deliberately withholding unexhausted claims, since they would then face the hurdle of a laches defense. Avoidance of mixed petitions was held to further the interest of the petitioner, who might otherwise have a meritorious claim barred by laches, and of the state, which otherwise would suffer from the lack of finality of its convictions, the disruption of its incarcerative system, and the possibility of inconsistent results.

Whether a petitioner may waive unexhausted grounds in a mixed petition and thereby avoid dismissal has not been squarely decided. A number of recent Fifth Circuit cases, however, including *Galtieri itself*, suggest that he may do so. In *Beam v. Estelle*, 558 F.2d 782 (5th Cir. 1977), the petitioner waived two unexhausted claims through counsel, and was personally questioned by the trial judge in open court. The Fifth Circuit held this waiver effective:

> The petitioner's waiver of the unexhausted constitutional claim at the evidentiary hearing on his *habeas* petition is valid and binding. Therefore, the exhaustion problems of that claim evaporate. It is as though the federal *habeas* petition never raised the claim.

558 F.2d at 783 n. 1. Although the district judge in *Galtieri* had found a similar waiver of unexhausted claims, the Fifth Circuit found no record evidence of such a waiver. *Galtieri v. Wainwright, supra*, 582 F.2d at 352 n. 7.

Remand orders in two additional Fifth Circuit cases indicate that waiver of unexhausted claims is permissible. In *Willett v. Georgia*, 608 F.2d 538 (5th Cir. 1979), the appellate court remanded a habeas corpus case with instructions to the district court to hold an evidentiary hearing if, among other reasons, "[petitioner] waives the unexhausted claims," or to dismiss if "[petitioner] continues to present a mixed peti-

tion." 608 F.2d at 542. Similarly, in *Van Poyck v. Wainwright*, 595 F.2d 1083 (5th Cir. 1979), a petition was remanded with instructions to dismiss "if petitioner persists in presenting a mixed petition." 595 F.2d at 1086.

These cases do not resolve the question of whether waiver of an unexhausted claim must be with prejudice in order to avoid a *Galtieri* dismissal. This question was touched upon but not resolved in *Jones v. Wainwright*, 608 F.2d 180 (5th Cir. 1979). In *Jones*, counsel entered into a stipulation in the nature of a pretrial order. The stipulation summarized the petitioner's four exhausted grounds for relief, and expressly reserved two additional unexhausted grounds for purposes of future litigation. The stipulation purported to "abandon" the unexhausted grounds, although the parties disputed that they were fairly raised by the petition in any event. The district court, reasoning that the reservation expressed the petitioner's intent to assert the unexhausted claims in a later proceeding, dismissed on the authority of *Galtieri*. The court of appeals reversed, holding that the stipulation expressed no such intent. The court relied heavily on counsel's statements in his brief and at oral argument that there were no unexhausted issues raised in the petition or by the evidence, and that so far as he knew no such issues would be raised in future litigation. Hence it concluded that "all asserted claims" had been exhausted.

■ The cases demonstrate that a petitioner is to be permitted to waive unexhausted claims with prejudice. The court in *Jones*, however, was careful to avoid a holding that claims could be waived without prejudice, instead resting its decision on counsel's assertion that the questioned claims had never been raised and would not be raised in the future. The *Jones* case thus stands only for the proposition that unexhausted claims not asserted in the petition but nevertheless known to exist do not require dismissal where there is no indica-

tion that the claims will be later asserted. A contrary holding in *Jones*, given the conclusion that the unexhausted claims were not fairly comprised within the petition, would have required district courts to dismiss any time an unasserted but unexhausted claim comes to light, upon the speculation that such claims might some day be asserted. The *Jones* approach draws a somewhat artificial distinction between asserted and unasserted claims, but the distinction is inherent in the *Galtieri* complete exhaustion requirement. The policy of *Galtieri* is that both types of claim should first be presented to the state courts, yet a test for dismissal based on whether an unexhausted claim is contained *within the petition* is necessary to avoid line–drawing based on subjectivity and speculation.

A petitioner's motion for voluntary dismissal of an unexhausted ground of error without prejudice to refiling violates the spirit of the *Galtieri* decision, frustrating the goals which that decision was designed to promote. The granting of such a motion would promote piecemeal litigation: it undercuts the deterrent value of the *Galtieri* rule, disserving the goal of judicial economy in the long run, and protracts the litigation at hand, resulting in all likelihood in yet another state petition and perhaps another federal petition, long after the present petition has been decided on its merits. Granting the motion would also run counter to the state's interests in finality, nondisruption, and consistency. The primary goal of *Galtieri*, to discourage the bringing of mixed petitions, would be vitiated if a petitioner could await the recommendation of the magistrate and the responsive pleading of the respondent, and only then nonsuit his unexhausted claims if exhaustion has become an issue. A *Galtieri* dismissal would then become the exception rather than the rule, an anomaly reserved for those petitioners not clever enough to recognize this avenue of escape or not diligent enough to respond promptly to a magistrate's findings and conclusions.

Here the unexhausted ground for relief was not contained in the original petition, but is nevertheless an integral part of the pleadings. The magistrate granted leave to supplement the petition, presumably under Fed.R.Civ.P. 15(d), and the seventh ground of error must therefore be treated as though it had been included in the original petition. Indeed, petitioner's motion to dismiss implicitly recognizes this.

■ Petitioner's motion to dismiss is unclear as to whether he intends dismissal to be with or without prejudice. Petitioner is therefore required to file a response within 30 days stating whether he wishes to give up his seventh ground once and for all or merely to abandon it for the purpose of this lawsuit. If petitioner indicates that he wants to permanently give up this claim, the case will be referred to the magistrate for findings, conclusions, and recommendation on the merits of the petition.[2] If petitioner is unwilling to permit ground # 7 to be dismissed with prejudice, the petition will be dismissed without prejudice under *Galtieri.*

---

**2.** The record reflects that petitioner's six other grounds have been presented to the state courts, and respondent does not contend otherwise.