21217

The STATE, Respondent, v. Marion Eugene BROWN, Appellant.

(266 S. E. (2d) 415)

*James W. Corley,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes, Staff Atty. Lindy Pike Funkhouser* and *Sol. James C. Anders,* Columbia, *for respondent.*

May 5, 1980.

NESS, Justice:

Appellant Marion Eugene Brown was convicted of driving under the influence, third offense. We affirm.

In the early morning hours of December 11, 1977, a police officer observed appellant's vehicle being operated in an erratic fashion. The officer arrested appellant and took him to the Richland County Detention Center. While there, appellant consented to a breathalyzer test.

Appellant first asserts the difference in *voir dire* procedure under §§ 14-7-1020 and 16-3-20(D), Code of Laws of South Carolina (1976), deny defendants in noncapital cases equal protection of the laws. We disagree.

■ Code § 16-3-20(D), *supra,* specifically allows defense counsel in capital cases to examine any person called as a juror. Code § 14-7-1020, *supra,* requires the

trial court, on motion of either party, to examine the jury panel. While the method of examining prospective jurors under this section is left to the trial court's sound discretion, *State v. Smart,* S. C. 262 S. E. (2d) 911 (1980), we have consistently held the better practice is for the judge to conduct the *voir dire. State v. Jones,* S. C., 259 S. E. (2d) 120 (1979); *State v. Britt,* 237 S. C. 293, 117 S. E. (2d) 379 (1960), cert. denied, 365 U. S. 886, 81 S. Ct. 1040, 6 L. Ed. 2d 197 (1961).

A classification offends equal protection safeguards only where not rationally related to the achievement of legitimate State goals. *State v. Newton,* S. C., 262 S. E. (2d) 906 (1980). Code § 14-7-1020, *supra,* reflects the State's legitimate interest in the expeditious yet fair disposition of criminal cases. Code § 16-3-20(D), *supra,* provides additional safeguards for criminal defendants potentially subject to the ultimate sanction known to the law. See *State v. Smart, supra.* We hold the difference in treatment is rationally related to the achievement of legitimate State goals and therefore does not offend equal protection guarantees.

Appellant next asserts the trial court erred in admitting his statement to the arresting officer. This is without merit.

The arresting officer testified appellant spontaneously admitted his guilt after being advised of his rights. Volunteered statements, not in response to custodial interrogation, are admissible without more. *E. g., Miranda v. Arizona,* 384 U. S. 436, 478, 86 S. Ct. 1602, 1630, 16 L. Ed. 2d 694 (1966); *State v. Doby,* S. C., 258 S. E. (2d) 896 (1979); *Pilcher v. Estelle,* 528 F. 2d 623, 625 (5th Cir. 1976). The trial court did not err in admitting the statement.

Appellant also asserts the trial court erred in admitting testimony concerning the breathalyzer test as Code § 56-5-2950(a) improperly delegates legislative authority. This is without merit.

While the legislature may not enact a law vesting an administrative body with broad and uncontrolled discretion in its execution, "in enacting a law complete in itself it may authorize an administrative agency or board 'to fill up the details' by prescribing rules and regulations for the complete operation and enforcement of the law within its expressed general purpose . . ." *Bauer v. S. C. State Housing Authority,* 271 S. C. 219, 232, 246 S. E. (2d) 869, 876 (1978); *S. C. State Highway Dept. v. Harbin,* 226 S. C. 585, 594, 86 S. E. (2d) 466, 470 (1955). Code § 56-5-2950(a), *supra,* establishes general guidelines for breathalyzer tests and then authorizes the State Law Enforcement Division to fill in the details by making such rules and regulations as may be necessary for their proper administration. We hold this provision to be a proper delegation of rulemaking authority and uphold the trial court's admission of testimony concerning appellant's breathalyzer test.[1]

Appellant's remaining exceptions are without merit and are dismissed under Rule 23.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, concur.

---

[1] *See generally, State v. Newton,* S. C., 262 S. E. (2d) 906 (1980); *State v. Parker,* 271 S. C. 159, 245 S. E. (2d) 904 (1978).