21599

The STATE, Respondent, v. Charles A. Owens, Jr., Appellant.
(284 S. E. (2d) 584)

*Deputy Appellate Defender Vance J. Bettis of S. C. Com'n of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Lindy P. Funkhouser,* Columbia, and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

November 23, 1981.

HARWELL, Justice:

Appellant Charles A. Owens, Jr. appeals his convictions of murder and armed robbery. After rendering a verdict of guilty, the jury was unable to reach a unanimous verdict on the sentence. The trial judge sentenced appellant to life imprisonment for murder and a consecutive term of twenty-five years for armed robbery. We affirm.

On January 17, 1980, Gordon K. Ausley was shot and killed during the armed robbery of his grocery store in Greenville County, South Carolina. Appellant was arrested in Jacksonville, Florida and later indicted in South Carolina for the crimes.

Appellant first argues that the trial court erred in denying his motion to suppress evidence located as a result of both appellant's confession and his accompanying law enforcement officials to the site. We disagree. Appellant was arrested in Jacksonville, Florida, by a contingent of Florida and South Carolina law enforcement officials. After he was advised of his rights, appellant waived his right to counsel, agreed to cooperate, and signed a voluntary statement. He admitted killing the deceased and described where he had thrown the deceased's wallet and driver's license. He waived extradition and was returned to the Greenville County Law Enforcement Center. Meanwhile appellant's family had retained a Greenville attorney who requested that law enforcement officials inform him immediately upon appellant's arrival. Instead, appellant was driven to the area where he had thrown deceased's wallet. As a result, the deceased's driver's license was found, but the wallet was not discovered until the following day. Afterwards, appellant was interrogated on tape before he saw his attorney. At trial the judge suppressed the tape recorded statement given by appellant without assistance of counsel. However, the wallet and driver's license were admitted as evidence because their location had been divulged through the lawful custodial interrogation in Florida. Appellant alleges this evidence was the tainted fruit of the incriminating custodial admission in South Carolina in violation of his Sixth Amendment right to counsel.

There is no dispute that at the time appellant initially informed the law officers of the evidence's location, he voluntarily had waived his right to counsel. Thus, the law enforcement officials learned nothing new when appellant rode with them to the site; his presence merely facilitated the discovery. Although it was improper for appellant, without assistance of counsel, to accompany the officers to the site, his voluntary confession standing alone was enough to convict him. Any evidence received from the appellant accompanying officials

to the disposal site was merely cumulative and was therefore harmless error. *State v. Tyner,* 273 S. C. 646, 258 S. E. (2d) 559 (1979); *State v. Blackburn,* 271 S. C. 324, 247 S. E. (2d) 334 (1978). In any event, law enforcement official would have discovered the evidence based solely on the description in the lawful confession.

Next, appellant claims two exceptions based on violations of certain rights accorded him under Section 16-3-20, our death penalty statute. During *voir dire,* two prospective jurors were disqualified by the court when they indicated opposition to the death penalty. Appellant's attorney was not permitted to examine the two jurors. This was error. The evident purpose of Section 16-3-20(D) is to secure to defense counsel in death cases the right to question jurors during their *voir dire* examination. *State v. Smart,* 274 S. C. 303, 262 S. E. (2d) 911 (1980). However, the exceptions under the death penalty statute are moot since appellant was sentenced to life imprisonment. *State v. Pendergrass,* 270 S. C. 1, 239 S. E. (2d) 750 (1977).

Appellant's remaining exception under the death penalty statute is that jurors should be excused for their opposition to the death penalty only when their opinion would not allow them to return a guilty verdict. Although this exception is also moot, we note that this argument was disposed of under *State v. Linder,* 278 S. E. (2d) 335, S. C. 1981.

Appellant also alleges the trial court erred when it refused to declare a mistrial after defense counsel learned that a juror's wife was employed by the Sheriff of Greenville County and had formerly been employed by the Solicitor's office. We think the trial judge correctly refused to grant a mistrial. Both the solicitor and appellant's attorney examined the juror on *voir dire* and were satisfied that he was qualified. There is no common law rule or statute which disqualifies a juror because of his relationship to a witness. *State v. Wells,* 249 S. C. 249, 153 S. E. (2d) 904 (1967). The juror was properly qualified.

Finally, appellant argues the trial court erred when it refused to enforce its order directing the judicial department to advance funds to defense counsel to procure expert witnesses. Prior to trial, appellant filed a motion

requesting expenses for investigative and defense purposes pursuant to Section 16-3-26(C), which provides funds for the defense of indigents. The trial judge granted the motion and issued its order to the Court Administrator. Because the appellant was represented by retained counsel, the Court Administrator concluded the appellant was not indigent and refused to advance the funds. In light of the Court Administrator's position, the trial judge refused to enforce its order. After review of the record, we find no prejudice to appellant because of the trial court's failure to enforce its original order. In fact, when the request for defense expenses was denied, appellant's counsel nevertheless replied that he was "ready, willing, and able to go forward representing him at trial."

Accordingly, the conviction and life sentence of appellant are affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.