UNITED STATES of America ex rel. Henry McNAIR #48970

v.

STATE OF NEW JERSEY, Appellant.

No. 73-1576.

United States Court of Appeals, Third Circuit.

Argued Jan. 10, 1974.

Decided March 5, 1974.

William J. Bender, Rita L. Bender, David J. Popiel, Law Student, Rutgers Urban Legal Clinic, Newark, N. J., for appellee.

Joseph P. Lordi, Essex County Prosecutor, R. Benjamin Cohen, Harry Robinson, III, Asst. Prosecutors, for appellant.

Before ADAMS, HUNTER * and WEIS, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

█ This appeal presents the question of whether it was proper to grant a writ of habeas corpus to a state petitioner, without a hearing, solely on the basis of the state record which is inadequate in several crucial respects. We conclude that the district court erred in so doing and that it should have afforded the state an opportunity to request an evidentiary hearing.

Petitioner was convicted by the state courts of New Jersey of the offense of possession of heroin. His chief defense was that approximately one thousand packets of narcotics had been seized by state officers in violation of petitioner's constitutional rights and should not have been received in evidence. The state trial court refused a motion to suppress without filing a written or oral opinion. On appeal, the appellate division reversed, holding the search and seizure invalid, but on certification the Supreme Court of New Jersey disagreed and reinstated the judgment of the trial court. 60 N.J. 8, 285 A.2d 553 (1972).

We need not go into the factual background in any great detail, it being sufficient to note that essentially what is involved is a warrantless search of an arguably nonpublic area of a confectionary store operated by the petitioner. The police officers claimed justification upon an informer's tip and exigent circumstances. The legal issues are troublesome and not easily subject to resolution as evidenced by the fact that the four courts which have considered the problems have split evenly in their decisions.

Upon receipt of the petition for habeas corpus, the district court in New Jersey referred the matter to the United States Magistrate for report and recommendation. After a review of the state court records, including transcripts of the suppression hearing and trial, the magistrate concluded that the relevant issues were: (1) whether probable cause existed for the police intrusion; and (2) if the circumstances permitted a warrantless entry. Concluding in the negative on both points, a recommendation was made that there be no hearing and the writ be granted. After an independent review, the district judge concurred and issued the writ.

We agree that the magistrate's report correctly pinpointed the important issues, but we do not accept the conclusion

---

* Though Judge Hunter was not at oral argument, counsel, by consent, agreed to his participation in the decision and he reviewed the record of oral argument.

that no hearing was required. In discussing crucial factual matters in the state procedures, the magistrate wrote:

"The record is completely barren of any indication as to the informer's reliability or the factual basis for his tip." Appendix 8a, 9a.

\* \* \* \* \* \*

". . . on this record the detectives had neither received information nor did they themselves even suspect that the narcotics ultimately seized were to be moved, or that petitioner was about to flee." Appendix 14a.

\* \* \* \* \* \*

". . . the record reveals only that the tip was received 30 to 45 minutes before the search, or between 1:00 and 1:30 p. m. But we are not told where the tip was received; nor is any reason given for the failure of the detectives to seek issuance of a warrant." Appendix 15a.

■ These observations indicate that a hearing might be required, not that it is unnecessary. When legal problems are presented which are not easily resolved even on the basis of clearly established facts, an evidentiary hearing is an *a fortiori* proposition if the state record is deficient in critical areas. There is no need here to make the task more difficult by struggling with a self-imposed blackout of relevant matters.

■ Furthermore, considerations of comity and proper respect for the state courts counsel against precipitous action to invalidate their judgment. If, when viewed against the backdrop of all the facts, the state court decision may be found to be correct, it should not be overturned because it is based on less than all the information which can be made available to the district court.

While it is true that the state bears some responsibility for the proper preparation of a record, nevertheless, the public interest requires that opportunity be given to present evidence which might show that the petitioner suffered no constitutional deprivation. In certain circumstances, Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), mandates a hearing where the material facts were not adequately developed at the state court hearing. 28 U.S.C. § 2254 provides in part that a determination by a state court shall be presumed to be correct unless it appears that the material facts were not adequately developed in the state proceeding. Both the state and the petitioner stand on equal footing to claim this right. United States ex rel. Molloy v. Follette, 391 F.2d 231 (2d Cir. 1968), cert. denied, 391 U.S. 917, 88 S.Ct. 1812, 20 L.Ed.2d 658; United States ex rel. Mitchell v. Follette, 358 F.2d 922 (2d Cir. 1966); Developments in the Law—Habeas Corpus, 83 Har.L.Rev. 1038, 1131, n. 79 (1970). *Cf.* Heyd v. Brown, 406 F.2d 346 (5th Cir. 1969), cert. denied, 396 U.S. 818, 90 S.Ct. 53, 24 L.Ed. 2d 69.

■ The fact that the state filed an answer to the petition and did not then ask for a hearing does not bar its request after an adverse decision on the pleadings and the state record. While as a matter of practice it may be better procedure to request a hearing if the court should find the facts of record to be insufficient, failure to take such an alternative position does not preclude the state from regrouping its defenses. United States ex rel. Mitchell v. Follette, *supra*, 358 F. at 928.

We conclude that New Jersey should be given the opportunity to ask for an evidentiary hearing and therefore this case will be remanded to the district court for consideration of that issue and for such hearings as may be indicated.

The order of the district court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.