**James W. WILLETT,**
**Petitioner-Appellant,**

v.

**STATE OF GEORGIA,**
**Respondent-Appellee.**

No. 77–1123.

United States Court of Appeals,
Fifth Circuit.

Dec. 17, 1979.

---

Arthur K. Bolton, Atty. Gen., G. Stephen Parker, John C. Walden, Asst. Attys. Gen., Atlanta, Ga., for respondent-appellee.

Before TJOFLAT and VANCE, Circuit Judges, and ALLGOOD, District Judge *.

VANCE, Circuit Judge:

James M. Willett was indicted in Georgia state court on October 16, 1973, for the statutory rape of his six-month-old daughter. Assisted by a court-appointed attorney, he pleaded guilty and was given a sentence of fifteen years. When the plea was entered, Willett's counsel stated,

> Before explaining his rights to him, if I might indicate to the Court that he is entering his plea of guilty, but he is entering that plea while he contends that the facts would be presented, he is not consenting that these facts are true. He says that they are not.

The court then explained the elements of the offense and Willett's right to trial by jury before accepting the plea. The record of the trial and of the postconviction hearing, however, does not indicate any facts showing his guilt.

Willett filed a *pro se* application in 1974 for a state writ of habeas corpus contending that his plea was involuntary, but relief was denied. He again petitioned for state habeas corpus relief in February 1976 arguing that his plea was invalid because it did not have a factual basis. After a hearing at which Willett was represented by counsel, the Georgia superior court refused to issue the writ because it found that his plea had been entered voluntarily and intelligently. The Georgia Supreme Court then denied Willett's application for a certificate of probable cause to appeal.

Willett filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus in the United States District Court for the Middle District of Georgia in November 1976. He argued that his guilty plea was invalid be-

Myron K. Allenstein, Gadsden, Ala., for petitioner-appellant.

* District Judge of the Northern District of Alabama, sitting by designation.

cause the state courts did not review the evidence on the record to make a factual determination of his guilt although he claimed innocence, the trial court denied him effective assistance of counsel, an investigating official promised him a six-month sentence and threatened him with a death penalty, and the prosecution knowingly concealed potentially favorable evidence. The district court adopted the state court's conclusion that Willett's plea was entered voluntarily and found that other issues raised in Willett's petition had not been presented in state court, and it dismissed the petition without an evidentiary hearing. In this appeal, Willett contends that the district court erred. We agree.

## I.

A guilty plea is constitutionally valid only if the defendant has made a "voluntary and intelligent choice" among the various courses of conduct open to him or her. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *see Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In *North Carolina v. Alford*, the United States Supreme Court was confronted with the question whether a defendant's plea of guilty in state court was rendered constitutionally invalid because it was accompanied by a protestation of innocence. The Court held, "In view of the strong factual basis for the plea demonstrated by the State and Alford's clearly expressed desire to enter it despite his professed belief in his innocence, . . . the trial judge did not commit constitutional error in accepting it." 400 U.S. at 38, 91 S.Ct. at 168. The Court elaborated as follows:

Because of the importance of protecting the innocent and of insuring that guilty pleas are a product of free and intelligent choice, various state and federal court decisions properly caution that pleas coupled with claims of innocence should not be accepted unless there is a factual basis for the plea, . . . and until the judge taking the plea has inquired into and sought to resolve the conflict between the waiver of trial and the claim of innocence. . . .

In the federal courts, Fed.Rule Crim. Proc. 11 expressly provides that a court "shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

400 U.S. at 38 n. 10, 91 S.Ct. at 167–168 n. 10 (citations omitted). When presented with an equivocal plea entered in a state adjudication, this court, following *Alford*, found the plea valid because it was "knowingly and voluntarily entered and *surrounded by other circumstances establishing* [defendant's] guilt." *Oaks v. Wainwright*, 445 F.2d 1062, 1063 (5th Cir. 1971), *cert. denied*, 405 U.S. 995, 92 S.Ct. 1271, 31 L.Ed.2d 464 (1972) (emphasis added).

■ Based on *Alford* and *Oaks*, we hold that, when a defendant pleads guilty while claiming his or her innocence, the court commits constitutional error in accepting the plea unless the plea is shown to have a factual basis.[1] In the face of a claim of innocence a judicial finding of some factual basis for defendant's guilt is an essential part of the constitutionally-required finding of a voluntary and intelligent decision to plead guilty. The second circuit adopted a similar interpretation of *Alford* in *United States ex rel. Dunn v. Casscles*, 494 F.2d 397, 399–400 (2d Cir. 1974).[2] *See also Thun-*

---

1. Our holding does not imply that the terms of Fed.R.Crim.P. 11 are constitutionally applicable to the states. *See McChesney v. Henderson*, 482 F.2d 1101, 1109 (5th Cir. 1973), *cert. denied*, 414 U.S. 1146, 39 L.Ed.2d 102 (1974); *Oaks v. Wainwright*, 445 F.2d at 1063 n. 3. *But see Purvis v. Connell*, 227 Ga. 764, 182 S.E.2d 892, 894 (1971) (state trial judge has same duty of determining voluntariness as federal trial judge under Fed.R.Crim.P. 11).

2. In *Edwards v. Garrison*, 529 F.2d 1374, 1376 (4th Cir. 1975), *cert. denied*, 424 U.S. 950, 96

S.Ct. 1421, 47 L.Ed.2d 355 (1976); *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); and *Freeman v. Page*, 443 F.2d 493, 497 (10th Cir.), *cert. denied*, 404 U.S. 1001, 92 S.Ct. 569, 30 L.Ed.2d 554 (1971), the fourth, sixth, and tenth circuits found that state courts were not constitutionally required to ascertain the factual bases for pleas before entering judgment on them. In none of these cases, however, did a defendant claim innocence when making his guilty plea.

*dershield v. Solem,* 565 F.2d 1018, 1023–24 (8th Cir. 1977), *cert. denied,* 435 U.S. 954, 98 S.Ct. 1585, 55 L.Ed.2d 805 (1978).

The record of the hearing during which Willett entered his plea does indicate that the trial judge probably had examined the evidence and had satisfied himself that the plea was based on sufficient facts. When he accepted Willett's plea, the judge stated,

> I been through the facts. They are not things to talk about. I know the case and unless there is something that you know of, the sentence of the Court is that he serve fifteen (15) years in the penitentiary of the State.

Willett's own counsel indicated that the plea was factually supported: "[Willett] is entering that plea while he contends that the facts would be presented, he is not consenting that these facts are true." The transcript, however, is not sufficient because it does not indicate any evidence that demonstrates Willett's guilt. We cannot determine from the trial transcript or from any postconviction hearing record whether Willett's habeas corpus claim that his plea did not have a factual basis is without merit. *See McChesney v. Henderson,* 482 F.2d at 1109. Willett therefore has alleged facts that, if proved, would entitle him to habeas corpus relief. *See Townsend v. Sain,* 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

When Willett petitioned for state habeas corpus arguing that his plea lacked a factual basis, the Georgia superior court accorded him a hearing but did not, as far as we can determine, apply the proper constitutional standard in reaching its conclusion. *See, e. g., White v. Finkbeiner,* 570 F.2d 194 (7th Cir. 1978). The state court determined only that "the guilty plea entered by petitioner was voluntarily and intelligently made," but did not develop any material facts or explore the factual basis for Willett's plea. *See Townsend v. Sain,* 372 U.S. at 313, 83 S.Ct. 745; 28 U.S.C.

§ 2254(d). Because Willett was not given a full and adequate hearing at which the relevant facts were found in the state court proceedings, the federal district court could not properly reject Willett's factual basis claim without holding an evidentiary hearing. *See Townsend v. Sain,* 372 U.S. at 311–13, 83 S.Ct. 745; *McChesney v. Henderson,* 482 F.2d at 1109.

Willett has established that no evidence indicating his guilt appears in the transcript of the proceeding at which his plea was entered or in the transcript of his state postconviction hearing. The state should be permitted to present to the district court evidence showing the factual basis for Willett's plea. *See Aston v. Warden,* 574 F.2d 1169, 1172–73 (4th Cir. 1978). Although the state bears some responsibility for the inadequacy of the state court record, "the public interest requires that opportunity be given to present evidence which might show that the petitioner suffered no constitutional deprivation." *United States ex rel. McNair v. New Jersey,* 492 F.2d 1307, 1309 (3rd Cir. 1974). *See generally United States v. Dayton,* 604 F.2d 931, 937, 938 (5th Cir. 1979).[3]

## II.

At least one claim in the petition for § 2254 relief, the contention that the prosecution concealed favorable evidence, had not been presented to the state court. The claims that Willett was denied effective assistance of counsel and that his plea resulted from coercion and threats were raised orally at the state postconviction hearing. The district court did not specify which of the three issues it considered unexhausted in deciding that "[i]nsofar as this petition may seek to raise issues which were not presented in the state habeas corpus proceeding, the petition should be dismissed for failure to exhaust available state remedies." Under *Galtieri v. Wainwright,* 582 F.2d 348 (5th Cir. 1978) (en banc), we may not direct the district court to resolve

---

**3.** We require only a showing of some factual basis for the defendant's plea, not proof of every element of the offense beyond a reasonable doubt, for acceptance of a guilty plea in the face of protestations of innocence.

the merits of an exhausted issue in a mixed petition.[4]  *Accord, Van Poyck v. Wainwright*, 595 F.2d 1083, 1086 (5th Cir. 1979).[5] On remand, therefore, the district court should identify Willett's unexhausted claims, if any.  If the unexhausted claims are within any of the exceptions to the exhaustion requirement, *see Galtieri v. Wainwright*, 582 F.2d at 354 & n. 12, if the state has waived exhaustion as to the unexhausted claims, *see Houston v. Estelle*, 569 F.2d 372, 375 (5th Cir. 1978), or if Willett waives the unexhausted claims, the district court may hold an evidentiary hearing and determine the merits of Willett's argument that his conviction lacks a factual basis.  If Willett continues to present a mixed petition, however, the district court must dismiss the petition without prejudice to enable Willett first to present his unexhausted claims to the state court.  *E. g., Van Poyck v. Wainwright*, 595 F.2d at 1086.

MODIFIED AND REMANDED WITH INSTRUCTIONS.

4.  *Galtieri* does not bar this court from reviewing the merits of an exhausted claim in a mixed petition when the district court has erroneously reached the merits of that claim.  582 F.2d at 362.

5.  For a lucid discussion of the exhaustion requirement, and of state habeas corpus generally, see Note, *Postconviction Remedies in Alabama*, 29 Ala.L.Rev. 617, 618–19 *passim* (1978).