DAVIS, Circuit Judge,
concurring in part and dissenting in part:
I concur in the panel’s resolution of Toy-er’s Fourth Amendment claim, but I dissent from its resolution of his sentencing claim. If Alston is correctly decided, then this case is wrongly decided. If this case is correctly decided, then Alston most assuredly is incorrectly decided.
There is no more support for a “violent felony” determination in the sole Shepard-approved document available to the court in this case (i.e., the transcript of the guilty plea proceeding in which Toyer pled guilty to second-degree assault under Maryland law) than there is for a “violent felony” determination in the sole Shepard-approved document available to the court in Alston (i.e., the transcript of the guilty plea proceeding in which Alston pled guilty to second-degree assault under Maryland law). In each case, the defendant pled guilty. In each case, only the use of a gun by the defendant elevated the second-degree assault to a “violent felony” under the ACCA. In each case, the use of a gun was not “inherent” in the offense of conviction, thereby necessitating resort to the “modified categorical” approach to the ACCA determination. In each case, there is neither an admission by the defendant nor an adjudication by the court that the defendant used a gun to commit the assault.
How, then, does the majority manage to skirt the application of binding precedent in this case? It appears there are three reasons offered, which neither singly nor in the aggregate genuinely distinguishes this case from Alston.
A.
First, the majority would give talismanic significance to the label “Alford plea.” But this will not do. If we had occasion to apply the Taylor/Shepard “categorical test,” rather than the “modified categorical *599 test” necessitated by the expansive elements of the Maryland second-degree assault offense, it is clear that an “Alford plea” would be treated exactly like a more traditional guilty plea for purposes of the ACCA. See United States v. Vinton, 681 F.3d 476, 486-87 (8th Cir.2011)(finding state court conviction for second degree burglary qualifies defendant for ACCA treatment notwithstanding that conviction was pursuant to an Alford plea, distinguishing Alston)-, see also Note, Admitting Guilt by Professing Innocence: When Sentence Enhancements Based on Alford Pleas are Unconstitutional, 63 Vand.L.Rev. 1755, 1758 n. 16 (2010) (“An enhancement based simply on the fact of a prior conviction, even if that prior conviction was pursuant to an Alford plea, is constitutional.... [A]ll federal circuits have, at least in some form, held that an Alford plea is functionally a guilty plea.”).[1]
Thus, Alston’s binding holding rests not simply on the mere fact that Alston tendered an Alford plea in state court, but rather, as Alston makes perfectly clear, the fact that “Alston did not adopt or accept the facts proffered by the government.” United States v. Alston, 611 F.3d 219, 223 (4th Cir.2010) (“The transcript from Alston’s plea hearing, however, revealed that Alston’s conviction was based on an Alford plea during which Alston did not adopt or accept the facts proffered by the government.” (emphasis added)).[2] As the majority forthrightly acknowledges in the case at bar, precisely the same thing is true here. For present purposes, “[t]he distinguishing feature of an Alford plea is that the defendant does not confirm the factual basis for the plea.” United States v. Savage, 542 F.3d 959, 962 (2d Cir.2008). That feature virtually leaps from the pages of Toyer’s plea proceeding transcript before us.
B.
Second, it appears the majority believes that Toyer must be deemed (for ACCA purposes) to have admitted using the gun to assault his girlfriend when he pled guilty because otherwise the state judge’s acceptance of his guilty plea would have been constitutionally suspect. See Maj. op. at 596-97 (citing Willett v. Georgia, 608 F.2d 538, 540 (5th Cir.1979)). With respect, it is utterly beyond me how the majority cannot see that exactly the same thing can and must be said about the *600 prosecutor’s factual proffer in support of the Alford plea in Alston, in which the conviction for second-degree assault under Maryland law rested solely on the fact that Alston had pointed a handgun at three people and threatened to “kill them all.” See 611 F.3d at 223 (“[T]he prosecutor outlined the evidence she would have introduced at trial, which indicated that Alston had pointed a gun at three victims and stated that he would kill them all.”). In both cases, if one excises from the factual basis recited to the state court in support of the guilty plea the defendant’s use of a handgun, there is no crime [3] The constitutional propriety of the underlying conviction, an issue not before us in any event, stands on equal footing in both cases. This purported ground of distinction does not withstand scrutiny.
C.
Finally, the majority seems to believe that by ignoring the binding holding of Alston, it achieves a level of “certainty” that will create a form of “bright line rule” beneficial to the law of this circuit. Respectfully, I disagree. Certainty is achieved when this court is faithful to its precedents. To the extent that the majority contemplates the existence of some neat taxonomy of punishment-justifying pleas in state courts, i.e., “guilty,” “no contest” and Alford, my friends in the majority need only examine the chaotic state of the law and practice described in Bishop v. State, 417 Md. 1, 7 A.3d 1074 (2010) (discussing so-called “hybrid pleas” recognized under Maryland law).
In sum, while the state court in Toyer’s second-degree assault case did not accept an Alford plea, Toyer’s guilty plea produced the jurisprudential equivalent for ACCA purposes because Toyer’s counsel explicitly stated on Toyer’s behalf that Toyer had “no involvement with the gun.” While an Alford plea has specific legal meaning, “[ujltimately, context determines meaning, and we do not force term-of-art definitions into contexts where they plainly do not fit and produce nonsense.” Johnson v. United States, — U.S. -, 130 S.Ct. 1265, 1270, 176 L.Ed.2d 1 (2010) (citations omitted). Here, in context, Alston relies entirely on the fact that the defendant never admitted to the material facts required by Supreme Court precedent to qualify the conviction for ACCA treatment. To ignore the rationale and holding supporting the result in Alston and choosing instead to apply them only to situations where a defendant formally enters an Alford plea produces illogical and inconsistent results plainly at odds with binding precedent.
With respect, I am constrained to the view that the majority’s enterprise fits the description it assigns to Toyer’s argument: *601 it “collapses on itself.” Maj. op. 596. I would affirm the conviction, vacate the sentence, and remand the case for resen-tencing without regard to the ACC A.

. Accordingly, contrary to the majority's view of the matter, it is of no moment whatsoever that "Toyer willingly admitted his guilt of second-degree assault.” Maj. Op. 595. Of course he did; the dispositive question under Alston, however, is whether the guilty plea transcript discloses that Toyer "admitted” he used a gun in committing second-degree assault. As the majority is required to acknowledge, not only did Toyer not admit any such thing, he (through counsel) affirmatively denied the relevant fact. If anything, the lack of an admission in this case is demonstrated even more strongly than in Alston because it is explicit, not buried in the vagaries of an Alford plea.

. Thus, the majority is wrong to state:
Since 1970, a defendant who wishes to dispute the factual basis for his plea has had several options [, including the option of] an Alford plea.... If [he] avails himself of [an Alford plea], Alston will prevent the resulting convictions from serving as an ACCA predicate.
Maj. op. at 598 (alterations added). If a state court judge is willing, under an Alford rubric or otherwise, to accept a guilty plea from a defendant who denies the facts proffered by the prosecutor, as did the state court judge in Toyer’s case, there is not a thing this or any federal court will be able to do about it. If, in such a circumstance, a subsequent federal court must apply the "modified categorical” approach to an ACCA determination, Alston will dictate the result, exactly as it does here, regardless of whether the plea is labeled an Alford plea.

. I note that at the government's urging, the majority has waded into an analysis of the apparent benefits Toyer enjoyed in entering into the plea agreement with the state. Consideration of such data has absolutely nothing whatsoever to do with the application of the modified categorical approach to the determination of the "violent felony" question under the ACCA.
In any event, the government's argument is unavailing. The government argues that by stating that his client did not accept the state's proffer about the gun, Toyer's counsel "was attempting to ensure that his client's conviction was for second-degree assault, rather than for first-degree assault or use of a handgun in the commission of a crime of violence." Supp. Br. at 9. There is nothing in the record to support this contention. To the contrary, at the beginning of the state court proceeding, it was made clear that Toyer was pleading guilty to second-degree assault. J.A. 249 (Toyer’s attorney stating "this is second degree assault"); J.A. 250 (judge confirming the plea was for "second degree assault”). There is no merit in this speculation on the part of the government.