[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11069
Non-Argument Calendar
_____

D.C. Docket No. 7:09-cr-00004-HL-TQL-1


UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

versus

FREDERICK TYRONE CALHOUN,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 9, 2019)

Before MARTIN, JILL PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Frederick Calhoun challenges on appeal the revocation of his supervised release and the 48-month sentence the district court imposed upon revocation. He argues that the district court erred when, in determining whether he violated the conditions of his supervised release, it considered an *Alford*[1] plea taken in Georgia superior court. He further contends that the sentence the district court imposed upon revocation was procedurally and substantively unreasonable.

We conclude that the district court did not abuse its discretion in revoking Calhoun's supervised release because a preponderance of the evidence supported a finding that Calhoun violated the conditions of his supervised release. Nor was the sentence imposed upon revocation unreasonable. Calhoun's sentence was procedurally reasonable because the district court adequately explained the reasons for imposing that sentence. It was also substantively reasonable because the district court committed no clear error of judgment in weighing the 18 U.S.C. § 3553(a) factors in arriving at that sentence. We affirm.

## I.    FACTUAL BACKGROUND

Frederick Calhoun pleaded guilty to possession with intent to distribute cocaine base and possession of a firearm in furtherance of a drug trafficking crime. The district court ultimately sentenced Calhoun to 120 months' imprisonment, followed by 60 months of supervised release.

---

[1]    *North Carolina v. Alford*, 400 U.S. 25 (1970).

2

Calhoun served his term of imprisonment.  Just over a year into his supervised release, the United States Probation Office alleged that Calhoun had violated the conditions of his supervised release:  first, by committing aggravated assault ("Violation 1"), and second, by possessing a firearm ("Violation 2"). Calhoun was arrested and detained so that the district court could decide whether to revoke his supervised release.

In preparation for the revocation hearing, the probation officer categorized each of Calhoun's alleged violations as Grade A; the district court was required to revoke for Grade A violations.  Taking Calhoun's criminal history Category of I and the Grade A violations into account, the probation officer recommended 24 to 30 months' imprisonment.

At the revocation hearing, the government sought to introduce into evidence an *Alford* plea Calhoun made in the Superior Court of Lanier County, Georgia, to the charge of possession of a firearm by a convicted felon.  Calhoun objected, arguing that because the superior court had failed to establish a factual basis for the *Alford* plea, the plea was invalid.  The district court overruled Calhoun's objection and admitted the *Alford* plea as evidence of Violation 2.  That was the only evidence of Violation 2 the district court considered.

As for Violation 1, the United States presented the testimony of Georgia Bureau of Investigation Special Agent Cyrus Purdiman, while Calhoun presented

the testimony of former Lakeland Police Department Officer Justice Jones. Purdiman and Jones investigated the shootings of Lewis Geddie and Willie Flintroyal—two of Calhoun's relatives—which occurred on the same night, blocks apart.

Purdiman testified that Geddie admitted having shot Flintroyal and accused Calhoun of shooting him. When Purdiman later asked Calhoun whether he shot Geddie, Calhoun said yes, but in self-defense. Purdiman testified that he found five shell casings from a .45 caliber gun near where Geddie was shot. He also testified that Flintroyal was shot with a .40 caliber gun and that a .40 caliber gun was found hidden under a car near where Geddie was shot.

Jones, meanwhile, testified that while investigating the Flintroyal shooting, he heard three shots, followed by five more. Upon investigation, he found Geddie, shot, lying on the ground. Geddie said that Calhoun had shot him. When Jones later asked Calhoun what had happened, Calhoun told Jones he had shot Geddie in self-defense. Calhoun said that there were so many gunshots because he and Geddie struggled for the gun, he ran off, and Geddie shot at his back as he ran.

While Geddie was in jail on charges of murdering Flintroyal, Geddie twice told others that he shot Flintroyal with a .45 caliber gun. Purdiman testified that he believed Geddie was confused about the caliber of the gun used to shoot Flintroyal.

The district court determined by a preponderance of the evidence that Calhoun committed Violations 1 and 2.  The court revoked Calhoun's supervised release and acknowledged the advisory guidelines range of 24 to 30 months.  Arguing that the shooting was in self-defense, Calhoun asked for a sentence below the guidelines range.

The district court did not grant that request.  Instead, finding the guidelines range inadequate, the court imposed a sentence of 48 months' imprisonment.  The court considered the fact that Calhoun had "just been released from prison" after serving a sentence for a drug and firearm offense when this offense, which also involved a firearm, occurred.  Doc. 202 at 100-01.[2]  The court explained that it chose this sentence "[t]o reflect the seriousness of the violations, to promote respect for the law, to provide just punishment for the violations, and to afford adequate deterrence to criminal conduct and to protect the public."  Doc. 202 at 102.  The court described the term of imprisonment as "an appropriate sentence, [which] complies with the factors which are to be considered and referenced in 18 U.S.C. [§] 3583(e), and adequately addresses the totality of the circumstances."  *Id.*

Calhoun objected to the sentence as "outside the guideline range of 24 to 30 months, and the conduct that was considered in the revocation report."  *Id*. at 103.  Calhoun appealed and filed a motion to discharge counsel.

---

[2] All citations in the form "Doc. #" refer to numbered entries on the district court docket.

## II.    STANDARD OF REVIEW

We review the district court's conclusion that that a defendant violated the

conditions of supervised release for abuse of discretion.  *United States v.*

*Copeland*, 20 F.3d 412, 413 (11th Cir. 1994).  We review the district court's

factual findings for clear error.  *United States v. Reese*, 775 F.3d 1327, 1329 (11th

Cir. 2015).

We review the sentence imposed upon the revocation of supervised release

for reasonableness.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir.

2014).  We look to both the procedural and substantive reasonableness of the

sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  "The party

challenging a sentence has the burden of showing that the sentence is unreasonable

in light of the entire record, the § 3553(a) factors, and the substantial deference

afforded sentencing courts."  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256

(11th Cir. 2015).

## III.    ANALYSIS

### A. The District Court Correctly Considered Calhoun's *Alford* Plea in Deciding Whether Calhoun Violated a Condition of his Supervised Release.

Calhoun argues that his *Alford* plea for possession of a firearm entered in the

Superior Court of Lanier County, Georgia was invalid.  Because the *Alford* plea

6

was invalid, Calhoun asserts, the district court could not rely on it in determining whether he possessed a firearm in violation of his supervised release.

A court may revoke a term of supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of the supervised release. 18 U.S.C. § 3583(e)(3). "A certified copy of a conviction is proper evidence that a defendant . . . violated a condition of his or her supervised release." *United States v. Hofierka*, 83 F.3d 357, 363 (11th Cir. 1996).

Some convictions are obtained by way of *Alford* pleas. An *Alford* plea is a guilty plea entered by a defendant who simultaneously asserts innocence. *North Carolina v. Alford*, 400 U.S. 25, 31-39 (1970). In order to accept an *Alford* plea, a trial court must determine there is a factual basis to support the plea. *Stano v. Dugger*, 921 F.2d 1125, 1140 (11th Cir. 1991). Georgia law recognizes *Alford* pleas. *See Morrell v. State*, 677 S.E.2d 771, 773 n.3 (Ga. Ct. App. 2009) (describing an *Alford* plea as "a guilty plea [that] places the defendant in the same position as if there had been a trial and conviction by a jury" (internal quotation marks omitted)).

Calhoun argues that the Georgia superior court failed to ensure that there was a proper factual basis before accepting his *Alford* plea and that this failure rendered the *Alford* plea invalid. In support of his argument, he cites to *Willett v.*

*Georgia*, 608 F.2d 538 (1979).[3]  There, the Fifth Circuit held that "when a defendant pleads guilty while claiming his or her innocence, the court commits constitutional error in accepting the plea unless the plea is shown to have a factual basis."  *Id.* at 540.

Calhoun may be correct that his *Alford* plea is deficient, but revocation proceedings are "not the proper forum in which to attack a conviction giving rise to the revocation."  *Hofierka*, 83 F.3d at 363.  For our purposes, Calhoun's conviction is presumed valid.  *Id.* at 364 (holding that "[t]he sentence in this case will be presumed valid until it is vacated on direct review or in an appropriate collateral proceeding.").  Nothing in the record indicates, nor has Calhoun claimed, that he successfully appealed or collaterally attacked his state conviction for unlawful possession of a firearm.  It was therefore not error for the district court to consider the *Alford* plea in deciding whether Calhoun violated a condition of his supervised release.  *See id.* at 363-64.

## B. Calhoun's Sentence was Reasonable.

If a district court finds that a defendant violated a condition of his supervised release, the court may revoke the supervised release and impose a prison term.  18 U.S.C. § 3583(e).  In so doing, the district court must consider the factors set

---

[3] Decisions rendered by the former Fifth Circuit before close of business on September 30, 1981 are precedential in the Eleventh Circuit.  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

forth in 18 U.S.C. § 3553(a).  *See United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006).  These factors include: the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct and protect the public, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *See* 18 U.S.C. § 3553(a).

We conduct a two-step inquiry into the reasonableness of the sentence imposed after the revocation of supervised release.  *United States v. Trailer*, 827 F.3d 933, 935-36 (11th Cir. 2016).  At the first step, we "look to whether the district court committed any significant procedural error, such as . . . failing to adequately explain the chosen sentence," *id.* at 936, or failing to include "an explanation for any deviation from the Guidelines range," *Gall*, 552 U.S. at 51.  At the second step, "we examine whether the sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors." *Trailer*, 827 F.3d at 935-36.  When a sentence is outside the guidelines range, we "may consider the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (internal quotation marks omitted).  We vacate a sentence as substantively unreasonable only if we "are left

with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted).

Calhoun argues that his sentence was procedurally unreasonable because the district court failed to sufficiently consider the § 3553(a) factors, apply those factors to the facts of his case, or adequately explain its basis for imposing an upward variance and substantively unreasonable because the sentence was arbitrary and based on erroneous facts. We disagree.

Calhoun first asserts that the court failed to adequately consider the § 3553(a) factors. A district court is generally "not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009) (internal quotation marks omitted). We do require the district court, however, to "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *United States v. Agbai*, 497 F.3d 1226, 1230 (11th Cir. 2007) (internal quotation marks omitted).

After reviewing the record, we are convinced that the district court considered the relevant 18 U.S.C. § 3553(a) factors.  The court conducted a two-day hearing in which it heard evidence from two different officers involved in the Geddie shooting, entertained arguments from both parties as to their views of the evidence, considered testimony about Calhoun's personal circumstances, and listened to Calhoun himself.  In imposing the sentence, the district court listed specific § 3553(a) factors and stated that the sentence complied with those factors.  The court explained that the sentence was intended "[t]o reflect the seriousness of the violations, to promote respect for the law, to provide just punishment for the violations, and to afford adequate deterrence to criminal conduct and to protect the public."  Doc. 202 at 102.  The court also stated that the sentence imposed was "an appropriate sentence, complie[d] with the factors which are to be considered and referenced in 18 U.S.C. 3583(c), and adequately address[ed] the totality of the circumstances."  *Id.*   This satisfied the district court's obligations to consider the § 3553(a) factors.

Calhoun further argues that the district court failed to explain the basis for its upward variance.  The district court must adequately explain its basis for deviation from the guideline range.  *See Gall*, 552 U.S. at 51.  Here, we are satisfied that the district court adequately explained the reasons for its upward variance.  The court stated that it had considered the guideline range but found it "inadequate."  Doc.

11

202 at 102.  The court explained that the variance was justified under the relevant § 3553(a) factors.  Specifically, the court said that the sentence reflected the seriousness of the violation, promoted respect for the law, provided just punishment, afforded adequate deterrence, and protected the public.  Because the district court considered the relevant § 3553(a) factors, adequately explained its reasons for imposing the 48-month sentence, and justified the reasons for and the degree of the variance, we conclude that the sentence was procedurally reasonable.[4]

Regarding substantive reasonableness, Calhoun contends his sentence was unreasonable because the district's court sentence was arbitrary.  A "sentence may be substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors or fails to consider pertinent [§] 3553(a) factors."  *See United States v. Pugh*, 515 F.3d 1179, 1192 (11th Cir. 2008) (internal quotation marks omitted) (alterations adopted).  We conclude the imposition of an upward variance was reasonable, particularly considering the court's decision to give weight to the fact that Calhoun was

---

[4] Calhoun also argues that the district court abused its discretion by failing to give notice before imposing an upward departure.  But the court imposed a variance, not a departure.  The court was permitted to impose an above-guideline sentence without prior notice because the sentence was below the statutory maximum and upward deviations do not constitute a departure when the sentence is imposed upon revocation of supervised release.  *See Hofierka*, 83 F.3d at 362-63; *see also* 18 U.S.C. § 3583(b)(1).

arrested on a drug and firearm offense shortly after completing a ten-year sentence for a substantively similar offense.  The district court thus committed no clear error of judgment in weighing the 18 U.S.C. § 3553(a) factors in arriving at Calhoun's sentence.

Calhoun further argues that his sentence was unreasonable because the sentence was based on erroneous facts.  Specifically, he contends the district court failed to consider Special Agent Purdiman's testimony that Geddie made inconsistent statements regarding the type of gun he had with him on the night of the shooting and whether Geddie himself was at Flintroyal's home when Flintroyal was shot.  A district court's failure to comment on arguably mitigating evidence at sentencing does not give rise to a presumption "that the court erroneously ignored or failed to consider this evidence in determining [a defendant's] sentence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) (internal quotations omitted).  Because the court was not required to explicitly address potentially exculpatory or mitigating evidence at the sentencing phase, Calhoun failed to demonstrate that his sentence was substantively unreasonable.

## C. Calhoun's Motion to Discharge Counsel is Denied.

Finally, we deny Calhoun's motion to discharge counsel because he has not demonstrated a "conflict of interest, a complete breakdown in communication[,] or an irreconcilable conflict" that would justify the relief of court-appointed counsel.

*United States v. Garey*, 540 F.3d 1253, 1263 (11th Cir. 2008) (en banc) (quoting

*United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973)).

## IV.   CONCLUSION

Calhoun has failed to demonstrate that the district court abused its discretion

in revoking his supervised release.  He has also failed to show that his sentence is

procedurally or substantively unreasonable.  We therefore affirm the district court.

**AFFIRMED.**